UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

**IN RE:**

BANKRUPTCY NO.: 22-10720

**CHING MANAGEMENT, LLC**
**d/b/a J2 DESIGN AND BUILD,**

**AFFIDAVIT**

Debtor.

---

STATE OF NEW YORK )
)ss.:
COUNTY OF WARREN )

DANIEL J. HOGAN, being duly sworn, deposes and says:

1. I am a member of McPhillips, Fitzgerald and Cullum LLP, attorneys for Glens Falls National Bank and Trust Company (the "Bank"), a claimant in the above entitled proceeding.

2. Upon information and belief, Debtor filed a Petition under Chapter 7 of the Bankruptcy Code on August 2, 2022.

3. The Bankruptcy Court has jurisdiction over this Motion pursuant to Rule 9014 of the Bankruptcy Rules.

4. The Bank is the owner and holder of a secured claim against Debtor for the sum of $32,398.01 pursuant to the Retail Installment Contract (the "Contract") dated August 11, 2021 (Exhibit "**A**").

5. The Bank has a perfected interest in a 2018 Ford F-150 XL, Vehicle Identification Number 1FTEX1EP0JKE90474, as evidenced by the Notice of Recorded Lien (Exhibit "**B**").

6. Upon information and belief, the value of the collateral is $31,125.00 pursuant to August 2022 J.D. Power.

7. Debtor is currently in arrears on the Contract for the months of August and September, 2022 ($600.22 x 2) for a total of $1,200.44 plus late fees of $60.02 for a total arrears of $1,260.46.

8. Any exemption for the secured property claimed by the Debtor does not apply to the Bank to the extent of the Bank's security interest therein.

9. Upon information and belief, Debtor has, and continues to have, possession of the collateral and that the collateral is presently being used and is depreciating in value as a result thereof.

10. Upon information and belief, the Bank does not have, and has not been offered, adequate protection for the aforesaid collateral.

11. If the Bank is not permitted to foreclose its security interest in said collateral, it will suffer irreparable injury, loss and damage.

12. Deponent seeks to waive the fourteen (14)-day stay afforded by Federal Rules of Bankruptcy Procedure 4001(a)(3) after the entry of the order lifting the automatic stay.

13. The case trustee shall be added as a necessary party to receive notice of the report of sale and surplus money proceedings.

14. Closure of the case shall not constitute an abandonment of the trustee's interest, if any, in any surplus funds.

**WHEREFORE**, Movant prays that an Order be issued whereby the stay pursuant to 11 U.S.C. Section 362 be modified based upon the above arrears, the Bank be permitted to take possession of the aforementioned collateral, and that the Bank have judgment directing Debtor to turn over such collateral to the Bank, without invoking the fourteen (14)-day stay under F.R.B.P.

4001(a)(3), that the movant shall immediately provide an accounting to the trustee of any surplus monies realized, and for such other and further relief as this Court deems just and proper.

DANIEL J. HOGAN, Esq.

Sworn to before me this 3rd day of October, 2022.

Notary Public

NANCY F KELLY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KE6360598
Qualified in Saratoga County
My Commission Expires 06-19-2025

# EXHIBIT A

## RETAIL INSTALMENT CONTRACT

**Meaning Of Some Words:** In this Contract, the words "I," "me," "we," and "my" mean anyone signing this Contract as Buyer. The words "you" and "your" mean the Seller or, after the Seller transfers its rights under this Contract, anyone having those rights.

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 5760.56 |
|---|---|---|---|---|
| 4.99% | $ 6012.47 | $ 37203.37 | $ 43215.84 | $ 48976.40 |

My Payment Schedule will be: e means estimate

| No. of Payments | Amount of Payments | When Payments Are Due* |
|---|---|---|
| 72 | $ 600.22 | Monthly, beginning 09/25/21 |
| | $ N/A | |

**Security:** I am giving a security interest in the motor vehicle being purchased.
**Filing Fees:** $ N/A **Non-Filing Insurance:** $ N/A
**Late Charge:** If a payment is late more than 10 days, I will be charged 10% of the payment.
**Prepayment:** If I pay off early, I will not have to pay a penalty.

My Contract documents will have additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

**The first monthly payment may be extended for a period not exceeding six (6) days and the change will be shown in the payment coupon booklet. The term of this loan will be extended accordingly and interest will be charged from the date this agreement is signed until final payment is made.*

In this Contract, you are the Seller. Name: NEMER FORD Address: 323 QUAKER ROAD QUEENSBURY, NY 12804-1555

This Contract is between Seller and Buyer. All disclosures have been made by Seller. Seller intends to assign this Contract to the Assignee named below.

We're the Buyer(s). Name(s): CHING MANAGEMENT, JUSTIN G AMES Address(es): 70 LAKE AVE SARATOGA SPRINGS NY [illegible]; 5 FAIRWAY BLVD GANSEVOORT NY 12831

If there is more than one Buyer, each of us will be obligated, separately and together, for all sums due you and the performance of all agreements as provided in this Contract.

Acct. No. Date 08/11/21

Description of Vehicle: (See "Insurance Requirements" section)

| N/U | Year and Make | Series | Body Style | No. Cyl. | Truck Ton Capacity | Serial Number |
|---|---|---|---|---|---|---|
| | 2018 F150 | | PICK | 6 | 4664 | 1FTEX1EP0JKE90474 |

Equipped with: ☐ A.T. ☐ P.S. ☐ AM-FM Radio ☐ A.C. ☐ P.B. ☐ P.W. Other

I have traded in the following vehicle: 2016 FORD F-150

**Property Insurance:** I am required to obtain and maintain Insurance on the Vehicle, endorsed to protect you as loss-payee, BUT I MAY CHOOSE THE AGENT OR BROKER OF MY CHOICE.

TITLE HOLDER OF VEHICLE: CHING MANAGEMENT LLC REGISTRANT: CHING MANAGEMENT LLC
PHYSICAL DAMAGE: Comprehensive $ N/A deductible. Collision $ N/A deductible.
INSURANCE COMPANY: 315 SELECTIVE IN Policy Number: S2393360 Effective Date: 08/11/21
AGENT: Name: 315 SELECTIVE INS Address: PO BOX 480 BRANCHV... Telephone Number:

I guarantee that the required insurance coverage as shown in the Insurance Requirements section was obtained from the agent named above.

**Liability insurance coverage for bodily injury and property damage is not included or provided for in this Contract.**

Vendor's Single Interest Insurance: If this box is checked ☒, you require Vendor's Single Interest Insurance. I may choose the person through whom Vendor's Single Interest Insurance is to be obtained. This Insurance is for the sole protection of the Assignee and my interest is not covered. If obtained through you, the cost of such insurance is $ 95.00

**Promise to Pay:** I agree to pay you the Total Sale Price for the Vehicle by making the Cash Downpayment, assigning the Trade-In, if shown above, on or before the date of this Contract, and paying you the Amount Financed, plus credit service charge (called "interest" in this Contract), in the number and amount of monthly payments shown in the Payment Schedule. Payments are due on or before the same day of each month as the first payment date. Payments must be made at any office of:

GLENS FALLS NATIONAL BANK & TRUST COMPANY
250 Glen St.
Glens Falls, NY 12801 (the "Assignee")

**Group Credit Life Insurance and Group Credit Disability Insurance:** If Credit Insurance is offered by Seller, such coverage is voluntary and is not required to obtain this loan.

**Use of Copies:** I agree that copies of this Contract (and all related documents), including copies that have been faxed, scanned or produced from an electronic record (regardless of when made), shall be treated as originals and shall be admissible into evidence as if original, regardless of whether an original is in existence or available for production.

**Itemization of Amount Financed**

| | |
|---|---|
| Cash Price | $ 41164.00 |
| Cash Downpayment | −$ 2000.00 |
| Trade-In Value of Trade-In | −$ 20000.00 |
| Lien Payoff to: FIRST NY FCU | +$ 16239.44 |
| 1 Unpaid Cash Price Balance | =$ 35403.44 |
| 2 To | +$ N/A |
| 3 To | +$ N/A |
| 4 To Public Officials | +$ 235.00 |
| 5 To | +$ N/A |
| 6 To VSI | +$ 95.00 |
| 7 To SALES TAX | +$ 1469.93 |
| Amount Financed (1 thru 7) | =$* 37203.37 |

*You may be retaining a portion of these amounts.

I AGREE THAT THE PROVISIONS ON THE BACK ARE PART OF THIS CONTRACT. (Continued on reverse side.)

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**NOTICE TO THE BUYER: 1. Do not sign this Agreement before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Agreement. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either: (a) prepay without penalty, or (b) under certain circumstances, obtain a rebate of the credit service charge. 4. According to law, you have the privilege of purchasing insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.**

**Seller agrees to this Contract, including terms and conditions on back, and assigns it to the Assignee named above in accordance with the first Assignment printed on the reverse side, unless otherwise marked.**

**I HAVE RECEIVED A COPY OF THIS CONTRACT SIGNED BY THE SELLER. RETAIL INSTALMENT CONTRACT.**

Seller NEMER FORD (Firm Name) Buyer [signature]
By [signature] Co-Buyer [signature]

Anyone signing below is obligated only under the terms of the security agreement and is not personally responsible under the payment terms of this Contract.

Signature ______ Address ______ Date ______

### CO-SIGNER NOTICE

You agree to pay the debt identified below, although you may not personally receive any property, services or money. You may be sued for payment, although the person who receives the property, services or money is able to pay. You should know that the total of payments does not include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorneys' fees, or other charges that may be stated in the Contract. You will also have to pay some or all of these costs and charges if the Contract, the payment of which you are guaranteeing, requires the Borrower to pay such costs and charges. If this debt is ever in default, that fact may become a part of your credit record. This Notice is not the contract or other writing that obligates you to pay the debt. Read the rest of this Retail Installment Contract for exact terms of your obligation.

CO-SIGNER: YOU SHOULD READ THE NOTICE TO CO-SIGNER, ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.

CO-SIGNER'S AGREEMENT: I, the person (or persons) signing below as "Co-Signer," promise to pay to the Seller or its Assignee (Bank) all sums due on this Retail Installment Contract and to perform all agreements in this Contract. I intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. I am making this promise to induce you to make this Contract with the Buyer, even though you will use the proceeds only for the Buyer's benefit. I agree to pay even though you may not have made any prior demand for payment on the Buyer or exercised your security interest. I understand that you can extend the terms of payment without notice to me, release any security interest which you may have, fail to keep the vehicle insured, or fail to have your security interest recorded, and that this will not affect my duty to make the payments under this Retail Installment Contract. I also acknowledge receiving a completed copy of the above Co-Signer Notice and this Retail Installment Contract.

X [signature] Co-Signer's Signature ______ Address ______ Date

X ______ Co-Signer's Signature ______ Address ______ Date

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

©2017 The Reynolds and Reynolds Company To Reorder Form: 1-888-339-9980 THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL 100116N 6/15 NY 123-SLC-34 11/1/2006 Customized CF1235 (6/18)

**Security Agreement:** As Collateral for this Contract (to protect you if payment is not made), I give you a security interest in the Vehicle being purchased. A security interest means that, if one of the events of default occurs, you can take the Vehicle and under certain circumstances sell it, as is more fully explained in the "Right to Demand Payment in Full" and the "Right to Repossess" sections on the back of this Contract. "Vehicle" shall include tires, parts, equipment, replacement parts or additions to the Vehicle or any vehicle insurance refunds or any proceeds resulting from loss or damage to the Vehicle. If I default (see "Right to Demand Payment in Full" section), you have the right to apply any sums that I have on deposit with you and any group insurance refunds which you receive against any balance that I owe. The Vehicle also secures any advances made to protect your interest in the Vehicle.

**How The Finance Charge Is Figured:** The Finance Charge, which consists only of interest, has been computed upon the basis that I will pay all instalments on the scheduled due dates. If any instalment is received later than the scheduled due date, I will be obligated to pay such additional amounts as may become payable by reason of the accrual of interest calculated daily upon the unpaid balance of the Amount Financed. In the event that any instalment is made in advance of the scheduled due date, the interest charges will be reduced accordingly. The amount of this decrease or increase will be reflected in the final payment. I shall have the right to prepay the unpaid principal balance in full or in part at any time provided that payments are first applied to accrued interest as of the date of prepayment.

**How Payment In Advance of Credit Insurance is Figured:** If I pay all amounts owing under this Contract in advance, I will receive a refund for Group Credit Insurance premiums from you, as specified on the front of this Contract calculated by a formula approved by the Insurance Department.

**Late Charge:** If I fail to pay any instalment for more than 10 days from the date it is due, I will pay a late charge of 10% of the unpaid instalment.

**Dishonored Check or Insufficient Funds:** I will be charged a $20.00 fee if (1) you dishonor my payment check or (2) I authorize a payment via electronic transfer from a bank account that has insufficient funds when you attempt to make the transfer.

**Payment by Telephone:** I agree that I will be charged a fee per payment made by electronic bank transfer that I authorize by telephone.

**Collection Costs:** If you hire an attorney to bring a lawsuit to collect any amounts owing under this Contract, I will pay your attorneys' fees up to 15% of the amount then due, plus court costs, or such lesser amounts as the court allows.

**Payment After All Amounts Owing Become Immediately Due:** Under certain circumstances, you can declare all amounts owing under this Contract immediately due. If you do and all amounts owing are paid or you sue for them and obtain a judgment, you will calculate what I owe as if I were going to pay in advance.

**Care of Vehicle:** I agree to keep the Vehicle in good condition and repair; not to remove it from the address where it is presently kept without your prior written consent; not to sell or transfer it or use it as collateral in another transaction; not to use the Vehicle for hire, livery or lease; or permit its use in any illegal manner; not to allow someone else to seize the Vehicle or create a lien (claim) on it and to give you immediate written notice of loss or damage to the Vehicle.

**Insurance Requirements:** I agree at all times to keep the Vehicle insured with comprehensive, fire and theft, and a minimum amount of deductible collision insurance satisfactory to you, endorsed to protect you with a company or insurance company. If I fail to insure my Vehicle you may (but are not required to) pay the cost. I agree that any insurance monies payable by reason of damage to or loss of the Vehicle shall be paid directly and solely to you and may be used to pay my debt to you. If the Vehicle is lost or damaged you can use the insurance proceeds (money) to replace or repair it, or to repay any amounts I owe you, and I agree that, if necessary, you can settle any insurance claims or sign any insurance checks on my behalf. I agree that loss, damage to or destruction of the Vehicle shall not affect my duty to make the payments under this Contract.

**Future Advances Secured:** If I fail to pay fees, taxes or the costs necessary to keep the Vehicle in good condition and repair, you may, if you alone choose, advance any sums necessary to protect your interest in the Vehicle. Any such advances will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract.

If I fail to maintain required property insurance, you may, if you choose, obtain equivalent limits of replacement insurance. This replacement insurance will protect your interests, but you are under no obligation to obtain replacement insurance which will also protect my interests. THE INSURANCE YOU PURCHASE MAY BE SIGNIFICANTLY MORE EXPENSIVE AND PROVIDE ME LESS COVERAGE THAN INSURANCE I COULD PURCHASE MYSELF. Any amount you advance will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract. At the time of the advance, I will be notified in writing of my options to repay the advance:

(i) in full within ten days of the notice;
(ii) along with my monthly payment;
(iii) if available, as a single monthly payment, one month following payment of all other amounts due under this Contract;
(iv) if available, as additional monthly payments, not exceeding the monthly payments due under this Contract;
(v) if available, any other amortization plan acceptable to you.

Your payments on my behalf will not cure my failure to perform my promises in this Contract.

**Optional Insurance or Service Contracts:** This Contract may contain charges for optional insurance or service contracts. If the Vehicle is repossessed, I agree that you may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

**Right to Demand Payment in Full:** Upon the following events of default, you can require that the entire balance of my loan be paid at once, without prior notice or demand, if:

1. Any amount owing under this Contract or any other amount I owe you now or in the future is not paid by the day it becomes due; or
2. I break one of my promises under this Contract; or
3. I have made any false or misleading statement on this Contract and/or credit application; or
4. Your name does not appear as the only "lienholder" (claim) on any certificate of title issued now or in the future; or
5. The Vehicle is lost, stolen or damaged without adequate insurance coverage; or sold, or given away, or seized; or
6. I file bankruptcy or if any proceeding is instituted to seek relief from my debts; or
7. I die or become legally unable to manage my affairs; or
8. Something else happens that you reasonably feel affects my ability to pay the remaining instalments when due; or
9. The Vehicle is seized by a third party (including, without limitation, a municipality or other governmental or quasi-governmental entity) because of the Vehicle's alleged or actual involvement in actual or alleged criminal or unlawful activity and/or where a forfeiture proceeding has been instituted in/before any federal, state or local court or any administrative body.

**Right to Repossess:** You can repossess (take) the Vehicle if one of the events of default (listed in the "Right to Demand Payment in Full" section) occurs. After my default, I will deliver the Vehicle, upon your request, or you can enter the premises where it is kept and take it yourself (as permitted by law), and you need not notify me before you do this. You can sell the Vehicle after repossession and apply the proceeds to the balance of what I owe after deducting your reasonable repossession, storage, repair, preparation for sale and selling expenses. You will send me reasonable notice by mail of any sale of the Vehicle. If my Default consists solely of a failure to make timely payments, I may have certain rights to stop the sale of my Vehicle even after you repossess it if I make timely tender of the amount required to redeem the Vehicle.

To recover any articles I claim are not part of the Collateral but were contained in the Vehicle, I must notify you in writing within 10 days after repossession. Failure to claim and take possession of these items promptly will be an abandonment of them.

If the sale does not cover all that I owe, I will be responsible for the amount still owed. If there is any surplus money it will be refunded to me.

**Trade-In and Downpayment:** I guarantee that I own the vehicle traded in, if any, and that it is free from any lien or security interest not shown in the "Trade-in" section of the Itemization of Amount Financed. I also represent that I have made the downpayment and have not borrowed it.

**Title and Security Interest:** If the Vehicle is already titled or is to be titled, I guarantee that I am or will be the registered owner and your security interest shall appear as the only security interest on any certificate of title now or in the future issued. I agree that you can apply for certificates of title to show your security interest and I agree to assist you in doing so. I also give you permission to file a financing statement (notice of your security interest filed for public record) covering your security interest without my signature on it.

**Waivers and Releases:** You can waive or delay enforcing any of your rights without losing them. You can waive or delay enforcing a right as to one of us without waiving it as to the other. You need not give me notice of the waiver, delay or release. Your failure to file a security interest, failure to keep the Vehicle insured, release of a security interest or granting extensions of time of payment shall not affect my obligation under this Contract.

**Applicable Law:** This Contract shall be governed by New York Law except for its conflict of law provisions. If any provision is found to be ineffective under any law or regulation, the remainder will still be binding and effective.

(The following notice shall not apply to any sale for other than personal, family, or household use.)

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Warranties and Representations:** I warrant and represent that the funds (Collateral) are obtained and will be used in connection with lawful activities, pursuits, endeavors, ventures or businesses, and I will not use the funds (Collateral) to violate any law that could result in forfeiture proceedings being instituted.

I agree to promptly inform you of any proposed proceedings or actual proceeding which would subject the funds (Collateral) to forfeiture to any governmental body.

**WARRANTIES: The Seller makes no warranty, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, unless Seller has given Buyer a separate written express warranty; unless the Seller has entered into a specific service contract with the Buyer within 90 days from the date of this Retail Installment Contract; or unless the Buyer is entitled to a warranty set forth in the Buyer's Guide for Used Cars.**

IF THIS CONTRACT INVOLVES THE SALE OF A USED VEHICLE, AS DEFINED UNDER 16 CFR PART 455, THE INFORMATION I SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

**ASSIGNMENT**

FOR VALUE RECEIVED, receipt whereof is hereby acknowledged, the Seller hereby sells, transfers, assigns and sets over to the Assignee named on the face hereof, its successors and assigns, or any subsequent assignee, all right, title and interest in and to this Contract and to the Vehicle described in this Contract, and to all monies due and to become due under this Contract, any guaranty made in connection with this Contract, and all rights and remedies under said Contract, with power in the Assignee to assign the same, either in Assignee's own name, or in the name of the Seller, for the Assignee's exclusive benefit, to take all such legal or other proceeding as the Seller might have taken, except for this Assignment. Seller, to induce the Assignee to purchase the Contract, warrants that this Contract is genuine, unamended and enforceable without defense or counterclaim and the Contract accurately reflects the transaction in all respects, that all parties to this Contract are over eighteen years of age, have the legal capacity to execute the Contract and that all signatures are genuine, that the Buyer (or Co-Buyer) has accepted delivery of the Vehicle and it is titled to the Buyer (or Co-Buyer), that the Vehicle is properly described in the Contract, that the amount allowed by the Seller for any property taken in trade is correctly stated, that the Assignee is acquiring a purchase money security interest in the Vehicle free and clear of any lien, claim and encumbrance, and that the Seller has the power to assign the Contract to the Assignee. Seller covenants and warrants that the Buyer was informed, prior to the submission of an application to the Assignee, of Assignee's name and address. The Seller will immediately cause the Assignee's name to appear on the Certificate of Title as the first and only lienholder. If the Buyer has voluntarily indicated that the Buyer wishes any Group Credit Insurance and has met all criteria for obtaining such insurance, the Seller warrants that such coverage has been obtained and paid for and agrees to hold the Assignee harmless from any claims with respect to such insurance, and promptly to make the appropriate refunds if such insurance is cancelled and/or the Contract is prepaid. Upon breach of any of the provisions in this Assignment or if the Buyer, Co-Buyer or Guarantor notify the Assignee (orally or in writing) that they have any claim or defense arising out of this Contract or under Sections 198-a or 198-b of the New York General Business Law, or 16 CFR 433 *et seq.* or 16 CFR 455 *et seq.* – whether or not there is a default in payment – Seller agrees, on demand, immediately to repurchase this Contract for the unpaid balance, including earned Finance Charges as of the date of repurchase, but excluding any amount paid or to be paid pursuant to coverage under Blanket Single Interest Insurance that the Assignee may have in effect. Seller has fully complied with all applicable laws and regulations, including, without limitations, the Fair Credit Reporting Act, the Truth-in-Lending Act and the Equal Credit Opportunity Act. Seller agrees to hold harmless and indemnify the Assignee for any loss sustained as a result of any claim or defense the Buyer, Co-Buyer or Guarantor may have against the Seller, whether or not this loss is sustained as a result of a judicial determination. Seller hereby consents to any extensions of time for payment; modification of terms; release or substitution of parties or Vehicle; and agrees that the Assignee's failure to perfect its lien on the Vehicle will not affect this Assignment. The Vehicle described as the subject of this Contract is new and unused (unless stated otherwise in the Contract). The Vehicle's Certificate of Title is not a branded title as specified in 15 N.Y.C.R.R. § 20.20. To the best of Seller's knowledge and belief, the representations on the Buyer's credit application are true and the Buyer will not use or permit the use of the Vehicle in violation of any law. Seller agrees that if any of the warranties, covenants or guarantees be breached, or if any representation be untrue, the Seller will, upon demand, repurchase the Contract from the Assignee and pay for the Contract, in cash an amount equal to the entire unpaid balance due on the Contract, with accrued interest, together with the accrued attorney's fees. The Seller agrees that the repossession of the Vehicle from the Buyer for any cause shall not release the Seller from the obligations of this Assignment. The Assignee is authorized to correct any and all patent errors in the Contract.

**FULL RECOURSE ASSIGNMENT**

Seller agrees, in addition to the warranties above, that in the event of default by Buyer in the full payment on the due date thereof of any instalment payable under the Contract or in the prompt performance of any other obligation to be performed under the Contract by Buyer, Seller will, upon demand by Assignee, forthwith repurchase the Contract from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due, but excluding any amount paid or to be paid pursuant to coverage under Blanket Single Interest Insurance that the Assignee may have in effect.

______________________________
Seller/Assignor

______________________________ ______________________________
Title Date

**FULL REPURCHASE**

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that in the event of default by Buyer under this Contract and provided that Assignee shall take possession of the Vehicle and tender delivery of same to Seller, Seller will, upon demand by Assignee, forthwith repurchase the Contract and/or Vehicle (regardless of condition) from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due and expenses incurred in such taking and delivery of the Vehicle, but excluding any amount paid or to be paid pursuant to coverage under Blanket Single Interest Insurance that the Assignee may have in effect.

Dealer ______________________________ By ______________________________
Corporation, Individual or Firm Name/Assignor (Officer, Owner, or Partner—Title)

**OTHER ASSIGNMENTS**

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that: if the Buyer defaults in any manner under this Contract, the following additional covenants shall apply, such covenants being more specifically defined in an agreement between Seller and Assignee.

______________________________ ______________________________
Type of Assignment Seller/Assignor

______________________________ ______________________________
Date Title

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.**

©2017 The Reynolds and Reynolds Company To Reorder Form: 1-888-339-9666
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

# EXHIBIT B

Department of Motor Vehicles

Check Title or Lien Status

Your search returned 1 result of 1 found.

Confirm that the VIN, model year and make listed below are for your vehicle and match your vehicle's registration document.

**Please Note:**

- If this is NOT the correct vehicle, return to the previous screen and verify your entries. If you entered all information correctly and still see the wrong vehicle, contact the Title Services Bureau.
- If you recently ordered a duplicate title, allow one to two weeks from the Title Issue Date to receive your title in the mail.
- If your lien is not listed, read information about how to record a lien.

## Your Title or Lien Status Information is Below:

**VIN Number:** 1FTEX1EP0JKE90474
**Model Year:** 2018
**Vehicle Make:** FORD

**Title Issuance Date:** 8/30/2021
**Number of Liens:** 01

**Lienholder:**

Glens Falls National Bank And Trust
250 Glen St
Glens Falls NY 12801

**Lien Status:** Open
This lien is on the current title.

DMV Home

**Quick Links:**

- Receive Email / Text Reminders
- Military Veteran Resources
- Register to Vote
- Register as an Organ Donor
- E-ZPass
- Privacy & Security
- Translation Disclaimer